**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2305**

JINXIANG CHEN,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A97-636-046)

Submitted:  April 26, 2006                Decided:  May 9, 2006

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Dehai Zhang, New York, New York, for Petitioner.  Rod J. Rosenstein, United States Attorney, Neil R. White, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jinxiang Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.[*]

In his petition for review, Chen contends that the Board and the immigration judge erred in denying his application for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Chen failed to make the requisite showing before the immigration court. We therefore uphold the denial of his request for withholding of removal.

---

[*]Chen does not challenge the Board's finding that his asylum claim was statutorily barred as untimely. Further, as he raised no specific claim regarding the Convention Against Torture either here or before the Board, any such claim fails for lack of exhaustion, see 8 U.S.C. § 1252(d)(1) (2000) ("A court may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right"); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004) (holding that we lack jurisdiction to consider an argument that was not raised before the Board), and as abandoned in this court, see Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (holding failure to raise specific issue in opening brief constitutes abandonment of that issue under Fed. R. App. P. 28(a)(9)(A)).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED